Louis B. Heller, J.
Plaintiff moves to enter a money judgment pursuant to section 1171-b of the Civil Practice Act. A final judgment of divorce containing a direction that the defendant pay the plaintiff $75 per week alimony was filed on February 3, 1947. The judgment has not been modified.
Plaintiff states that the defendant has not paid the full weekly payments since 1953 and that there is now due her, as of the first two weeks of January, 1962, the sum of $25,000.
*399 Defendant states that he made regular payments until 1954 when, because of poor health and serious business financial reverses, he found himself unable to continue making these weeldy payments but did forward checks in lesser amounts which were accepted by plaintiff, and that these checks were never returned uncollected. That until the making of this application, she made no effort to collect any of the alleged delinquencies; that he has no income at all and that his only assets consist of a checking account which has a balance of $1,000 or less and a bowling alley in Hartford, Conn., for which he originally paid $20,000 and is presently subject to a $25,000 chattel mortgage and operates at a loss. That his present wife’s income is insufficient to' cover their living expenses. He further contends that because of his ill health and financial reverses, and the fact that plaintiff is gainfully employed, he be relieved from the burden of further payments and that her application be denied.
The plaintiff denies that she waived the payment of arrears and contends that she wrote letters in 1956,1957,1958,1960 and 1961 demanding these arrears.
The court is unable to determine from a reading of the affidavits whether on not there was a waiver of the arrears of alimony. The matter including the issue of waiver of arrears, the health of the defendant and financial circumstances of the parties is referred to an Official Referee to hear and report, or if stipulated, to hear and determine. The hearing is to be set down for June 11, 1962.
A copy of the notice of hearing is to be served upon the defendant’s attorney, and upon the defendant by certified mail to 6061 Collins Avenue, Miami Beach, Florida, on or before May 22, 1962.
Defendant’s application to be relieved from further payments under the judgment of divorce must be denied without prejudice since an application to modify a judgment of divorce must be made in accordance with the provisions of section 1155 of the Civil Practice Act.